IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EDDIE SLAUGHTER and SLAUGHTER  *
FARMS, INC.,
                                *
    Plaintiffs,
                                *
vs.                                     CASE NO. 4:12-cv-94 (CDL)
                                *
TOM VILSACK, in his individual
and official capacity as        *
Secretary of the United States
Department of Agriculture, *et* *
*al.*,
                                *
    Defendants.
                                *

O R D E R

Plaintiff Eddie Slaughter ("Slaughter"), who is proceeding *pro se*, was a class member in a class-action lawsuit alleging that the United States Department of Agriculture ("USDA") systematically discriminated against black farmers in the administration of certain farm loan programs.  Those proceedings are referred to as "The Pigford Litigation."  The Pigford Litigation was settled, and class members who did not opt out, including Slaughter, were provided relief as determined by an "adjudicator."  That relief included cash compensation, tax credits, injunctive relief, and certain debt relief limited to USDA Farm Ownership Loans.  In exchange, the settling class members became subject to a Consent Decree issued by the United States District Court for the District of Columbia.  That

Consent Decree required class members to dismiss their claims with prejudice and forever waive any right to contest in any court the final awards by the settlement adjudicator.  The Consent Decree also required that any party who sought to assert a claim that the Consent Decree had been violated must first notify the other party before seeking judicial enforcement.  The United States District Court for the District of Columbia retained jurisdiction to enforce the terms of the Consent Decree.

Slaughter has now been subjected to collection actions by the USDA, which has resulted in liens being placed on his property.  He alleges that the USDA loans giving rise to these liens should have been discharged as part of the Pigford Litigation settlement, and he, along with his company, have asserted various claims against Tom Vilsack, Joe Leonard, and Calvin Hyer (collectively, "Federal Defendants"), as individuals and representatives of the USDA, for wrongfully placing liens on his property in breach of the Consent Decree.  Slaughter also asserts state law claims against his private attorney, Jon Coogle ("Coogle"), based on his handling of transactions regarding Slaughter's property.  The Federal Defendants have filed a motion to dismiss (ECF No. 18) based on a lack of subject matter jurisdiction, arguing that if any court has jurisdiction over these claims it is the United States District

2

Court for the District of Columbia. Coogle also seeks dismissal of Slaughter's state law claims (ECF No. 14).

The Consent Decree, which is clearly binding on Slaughter, provides that (1) alleged violations of the terms of the Consent Decree must be brought as a motion for contempt to be enforced under the retained jurisdiction of the District Court for the District of Columbia and (2) the right to seek review in any court of the settlement adjudicator's decision is forever waived. Conlon Defs.' Mot. to Dismiss Ex. A, Consent Decree ¶¶ 9(a)(v), 13, 21, ECF No. 9-2; *see also Pigford v. Glickman*, 185 F.R.D. 82, 98, 110 (D.D.C. 1999) (summarizing the terms of the Consent Decree and emphasizing that the District Court for the District of Columbia retains jurisdiction over the Consent Decree). Therefore, this Court does not have subject matter jurisdiction over Slaughter's claims against the Federal Defendants. *See Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000) (stating that consent decrees are to be enforced through issuing court's civil contempt power). The inconvenience associated with having to litigate claims in a distant jurisdiction cannot confer subject matter jurisdiction upon this Court. Accordingly, the Federal Defendants' motion to dismiss (ECF No. 18) is granted for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Having now dismissed all of Slaughter's claims against the Federal Defendants, the Court declines to exercise supplemental jurisdiction over his state law claims against Coogle. 28 U.S.C. § 1367(c)(3). Coogle's motion to dismiss (ECF No. 14) is therefore granted.

This action is dismissed in its entirety, and Coogle's motion to transfer (ECF No. 15) and the Federal Defendants' motion to transfer (ECF No. 18) and motion to strike (ECF No. 25) shall be terminated as moot.

IT IS SO ORDERED, this 8th day of March, 2013.

                                        S/Clay D. Land
                                            CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE