IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| EDDIE SLAUGHTER and SLAUGHTER, FARMS, INC. | : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO. 4:12-cv-94 (CDL) |
| TOM VILSACK, *et al.* | : : | |
| Defendant(s). | : | |

**O R D E R**

Presently pending before the Court is Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 32). Plaintiff appeals the Court's Order granting Defendants' motions to dismiss his Complaint. (ECF Nos. 29, 31.) Having fully considered Plaintiff's affidavit and motion, it appears Plaintiff's motion to proceed *in forma pauperis* should be denied.

**DISCUSSION**

Federal Rules of Appellate Procedure Rule 24(a)(1) allows an appellant to move in the district court for the right to proceed in her appeal *in forma pauperis* ("IFP"). In addition to filing a motion, an appellant who wishes to proceed IFP must attach an affidavit which (1) "shows . . . the party's inability to pay or to give security for fees and costs[,]" (2) "claims an entitlement to redress[,]" and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)-(C). This rule is consistent with 28 U.S.C. § 1915 which provides that a court may authorize a person who is unable

to pay court fees to proceed in her action so long as that person is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP").

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious."  *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam);[1] *see also, e.g., Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) ("This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.").  A district court has wide discretion in determining whether to grant an applicant's motion to proceed IFP.  "This is especially true . . . in civil cases for damages, wherein the courts should grant the privilege sparingly."  *Martinez*, 364 F.3d at 1306 (internal quotation marks and citation omitted).  In exercising this discretion, a district court must determine "whether the statements in the affidavit satisfy the requirement of poverty."  *Id.* at 1307 (internal quotation marks and citation omitted).  While an applicant for IFP status need not show that he is "absolutely destitute," he must sufficiently

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

establish that he "is unable to pay for the court fees and costs, and [is unable] to support and provide necessities for himself and his dependents." *Id.* (citations omitted).

A review of Plaintiff's Affidavit in support of his motion to appeal IFP shows that Plaintiff has a monthly income of $2,578.43 and an approximate annual income of $30,941. (Mot. to Proceed IFP 2, ECF No. 32.) Although Plaintiff states that his expenses exceed his income by approximately $400 per month, the Court notes that Plaintiff has several assets which he asserts value over $225,000. (*Id.* at 3.) Plaintiff also has no dependents which rely on him for support. (*Id.* at 4.) Plaintiff's income substantially exceeds the 2013 Poverty Guideline of $11,490 for a one person household. *See* 2013 HHS Poverty Guidelines, 78 Fed. Reg. 5182, 5183 (Jan. 24, 2013); *see also Martinez*, 364 F.3d at 1307 n.7 (referring to poverty levels). His application fails to show that he is unable to pay the filing fee or support himself. Consequently, Plaintiff's motion to proceed in the appeal *in forma pauperis* is denied.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion to proceed *in forma pauperis* in his appeal (ECF No. 32) is denied.

SO ORDERED, this 19th day of April, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

3